## DORRANCE vs. JONES.

[ACTION UNDER CODE FOR RENT ON DEMISE, BY LESSOR AGAINST ASSIGNEE OF LESSEE.]

1. *When general assignee for benefit of creditors becomes assignee of lease.*—If the lessee make a general assignment of "all his property whatsoever" for the benefit of his creditors, the trustee becomes bound as assignee of the lease, if he accepts the assignment and enters under the lease.

2. *What is sufficient acceptance and entry.*—If the trustee enter upon and take possession of the leasehold premises, and use them for the purpose of selling the goods assigned, this is such an acceptance and election as will bind him as assignee; and, the election once made, he cannot recede from it.

3. *Negotiable note does not extinguish rent.*—The negotiable note of the lessee, for the amount of the rent, is not an extinguishment of the rent reserved by the lease.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS suit was brought by Wm. Jones, jr., against Charles W. Dorrance, to recover rent accruing on a demise by plaintiff to one Kenneth King of a certain storehouse in Mobile. The complaint alleges the lease to King for the term of one year from the 1st day of November, 1853, at the rent of $700, payable in four quarterly installments, for which said King executed his four promissory notes; that in February, 1854, said King assigned to the defendant the residue of the term then unexpired, and the defendant then entered into the pos-

session of the premises, and retained them until the expiration of the term. The only plea was the general issue.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence, 1st, his lease to King, which was in the usual form of a lease under seal, and which states that the notes for the rent were negotiable and payable at the Southern Bank of Alabama ; 2dly, a general assignment, executed by said King on the 4th day of February, 1854, conveying his stock of goods, his outstanding accounts, bills, and notes, and "all his property whatsoever", to the defendant, in trust for the benefit of all his creditors, and authorizing him to take possession, convert into ready money, and with the proceeds pay all the debts *pro rata ;* and, 3dly, "evidence tending to show that defendant, immediately after the execution of said deed of assignment, went into possession of the said premises leased to King." The defendant then introduced evidence, "tending to show that he went into the store to take possession of the stock of goods belonging to said King, and to dispose of the same; that he sold the bulk of said stock of goods, on the premises, at auction, on the 10th day of February, 1854; that before the 13th day of February, 1854, he tendered the key of the store to plaintiff's agent, who refused to receive it; that he made no further use of the store, which remained unoccupied, but the key remained with him until about the 1st day of November, 1854, when it was received by the plaintiff."

"Whereupon the court charged the jury, that if Dorrance went into possession simply to remove from the store the goods of his assignor, he is not liable to plaintiff for rent as assignee of the term ; but if he entered into possession of the store described in the lease, not simply to remove the goods, but to sell said goods in the store, and to use the store for that purpose, whether he remained there for a day, an hour, or a month,—this amounted to an election to accept the term, and he became liable to the landlord for the rent reserved in the lease, as assignee of the term. The court charged the jury, also, that the fact of the lessor having accepted the negotiable notes of King, as described in the lease, did not affect the covenant in the lease to pay rent ; and that Dorrance, as assignee of King, was bound to pay the rent."

The defendant excepted to these charges, and he now assigns them for error.

P. HAMILTON, for the appellant:

1. There is no privity of contract between Jones and Dorrance. The right to recover of defendant rests (if at all) in privity of estate. It was formerly held in England, that possession by the assignee must be shown, to complete the right. Eaton v. Jaques, 2 Doug. 455. This rule is said by some of the books to be overruled.—1 Brod. & Bing. 238, or 5 E. C. L. R. 72 ; 3 Bro. C. C. 166. The rule is shaken, if not overthrown, in England.—Merchants' Insurance Co. v. Mazange, 22 Ala. 179 ; 1 Greenleaf's Cruise, pt. I, p. 110, note. The law of this country is, that the liability depends on the assignee's possession.—Astor v. L'Amoreux, 4 Sandford's (S. C.) R. 524 ; Greenl. Cruise, *supra.*

2. Under the general assignment to Dorrance, as trustee for the benefit of King's creditors, the defendant occupied the position of an assignee under the English bankrupt law. 1 Bla. Com. 472, 480; Code, § 1556. In such case, the liability of the assignee is not perfected by his acceptance of the assignment, but by his election to enter and treat the term as assets.—Bourdillon v. Dalton, 1 Esp. 233 ; Turner v. Richardson, 7 East's R. 335–41; Wheeler v. Bramah, 3 Camp. 340–2.

3. The same is the recognized law of this country, as to general assignments by insolvents for the benefit of creditors. 6 Law Reporter, 317; 12 Barb. 263; Burrill on Assignments, 440. The effect of the American bankrupt law, in its operation as a deed of assignment, is as broad as the language of this deed.—5 U. S. Statutes, 442, § 3.

4. What amounted to an election was a question for the jury.—3 Camp. 340, *supra.*

5. The court erred in its charge as to the effect of the acceptance of King's negotiable notes.—Howland v. Coffin, 9 Pick. 52.

E. S. DARGAN, *contra*, cited the following cases:

1. As to the defendant's liability for the rent, as assignee of the term,—Greenleaf's Cruise, vol. 2, top p. 110; Williams

v. Bosanquet, 5 E. C. L. R. 72; Carter & Carter v. Hammett & Balch, 12 Barb. 253; Hannon v. Ewalt, 18 Penn. State (6 Har.) R. 9.

2. That the notes of King did not extinguish the rent,— Fowler v. Bush, 21 Pick. 230; Fowler v. Ludwig, 34 Maine R. 455; Chitty on Contracts, 660, 661, and note.

GOLDTHWAITE, J.—The assignment in this case was a general one for the benefit of creditors, and conveyed to the assignee "all the property whatsoever" of the assignor. It was accepted by the assignee; and although, under these circumstances merely, he may not have been bound as the assignee of the lease, he was certainly so bound, if he elected to accept the interest of the assignor, and to enter under it.— Carter v. Hammett, 12 Barb. 253; Bourdillon v. Dalton, 1 Esp. Cas. 233; Copeland v. Stephens, 1 B. & Ald. 593. Conceding that the acceptance of the assignment would not be sufficient, the only question is, whether taking possession of the store, for the purpose of selling the goods assigned, and actually selling them therein, amounted in law to such an acceptance. In Welch v. Myers, 4 Camp. 368, it was held by Lord Ellenborough, that the allowing of the bankrupt's cows to remain on the farm for two days, and ordering them to be milked there, was an adoption of the demise, so as to make the assignees the tenants of the lessor. In Clark v. Hume, Ry. & Moody, 207, Abbot, C. J., held, that the assignee elected to accept the lease by using the premises for the benefit of the creditors. These cases establish the position, that taking possession of the leasehold estate, and holding it for the benefit of the creditors, though for ever so short a time, by virtue of the assignment, is the true test. We do not mean to say by this, that if the assignee entered only for the purpose of obtaining possession of the goods, it would be an acceptance; for that would, in no just sense, be taking possession of the premises. But certainly, if the assignee took possession of the store in order to use it, as the evidence shows it was used, as a place to sell the goods, it falls directly within the principle of the cases we have cited; and if that was the object, it is entirely immaterial how long the possession was retained, as when once the election was made, the as-

signee could not recede from it.—Hanson v. Stephenson, 1 B. & Ad. 305.

That the taking of the notes did not operate to extinguish the rent, is a clear proposition.—Fowler v. Bush, 21 Pick. 230; Chitty on Contracts, 660, 661.

Judgment affirmed.