# Smith *v.* Ingram.

### *Action for Rent, against Assignee of Lessee.*

1. *Acceptance of proposal, as contract.*—It is not essential that the acceptance of a proposal for a lease, made by the owner of the property, shall be announced at once, nor that it shall be written or spoken. A subsequent inquiry by telephone whether it would·be right to move in, not suggesting any change in the terms proposed, and moving in on receipt of an affirmative answer, amounts to an acceptance of the terms proposed, and constitutes a contract.

2. *Assignment of lease; liability of assignee.*—The acceptance by the assignee of a general assignment for the benefit of creditors, containing words sufficient to pass the assignor's interest as lessee in the store-house in which he was carrying on business, does not charge him as assignee of the lease, unless he elects to accept it; but, if he enters into possession of the leased premises, and occupies them for

34

[Smith v. Ingram.]

the purpose of selling the goods, this is presumptive evidence of an election to accept the lease, though it does not estop him from showing that there was no valid assignment of it, or that he entered in ignorance of its terms; and, his liability depending on privity of estate, not of contract, he may terminate it by surrendering the possession, or transferring it to a third person.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by Jere. Smith and R. N. Warnock, against R. N. Ingram, to recover rent for two months of a store-house in Anniston; and was commenced on the 1st February, 1890. The plaintiffs had rented the store-house to T. M. Henderson, for a term commencing September 1st, 1889, and ending, as they claimed, on the 1st September, 1890, at the monthly rent of $35.00; and they sought to hold the defendant liable, as the assignee of the term, for the rent of the months of December, 1889, and January following. The defendant pleaded the general issue, and the statute of frauds, and issue was joined on these pleas. A jury was waived, and the cause submitted to the decision of the court. On the evidence adduced, which the bill of exceptions purports to set out "substantially," the court rendered judgment for the defendant; and this judgment, to which the plaintiffs excepted, is here assigned as error.

MATTHEWS & WHITESIDE, for appellant.—(1.) The evidence showed a contract between plaintiffs and Henderson—that is, a proposal by the former, and its acceptance by the latter. 3 Amer. & E. Encyc. Law, 841, 858; 1 Parsons on Contracts, §§ 476, 480; Seymour v. Mackay, 126 Ill. 341; 18 N. E. Rep. 552; Morrell v. Quarles, 35 Ala. 544; 1 Brick. Digest, 375, § 1. (2.) The defendant was liable, under the evidence, as the assignee of the term.—Dorrance v. Jones, 27 Ala. 630; Spring v. Schenck, 6 Amer. St. 551.

BLACKWELL & KEITH, contra.

CLOPTON, J.—Appellants seek by the action to recover the rent of a store-room in the city of Anniston, for the months of December, 1889, and January, 1890. The grounds on which their right of recovery is based are, that they leased the store to T. M. Henderson, for a definite term, at thirty-five dollars a month, payable monthly, and that before the expiration of the term Henderson made a general assignment of his property, including the lease, to defendant, who entered into possession, and occupied the store for the purpose of selling the goods, furniture and effects so assigned to him.

The first issue between the parties involves the question, whether there was between plaintiffs and Henderson a contract of rent as set forth in the complaint. By the act establishing the City Court of Anniston, we are required, when a case is tried without the intervention of a jury, to review the conclusions and judgment of the court on the evidence, without any presumption in favor of the correctness of the findings, arising from the advantages for determining the credibility of the witnesses, and the weight and sufficiency of the evidence, possessed by the judge of the trial court, who has the witnesses before him, and can see their demeanor, manner of testifying, and the extent of the influence of bias or interest upon their testimony. Taking and considering the evidence as the record presents it, the preponderance reasonably satisfies the mind that, about the last day of August, 1889, the plaintiffs proposed to Henderson to rent him two rooms at fifty dollars per month, or one room at thirty-five dollars per month, payable monthly, for a year, commencing on the first day of September, 1889, and ending September 1st, 1890. This proposition was neither accepted nor declined by Henderson in words; but, on October 1, 1889, Henderson telephoned plaintiffs to know if it would be right to move into the store, and, receiving an affirmative reply, moved in. This proposition is testified to by two witnesses, being one of the plaintiffs and his son. Henderson does not positively deny the proposition as testified to, but states that, if anything was said as to the terms of renting, except the price, he did not so understand it; and thereupon states that he did not rent the store for one month, or for any other specified term. These are the only witnesses who testify to the terms of the proposition; they occupy the same relation to the case, and nothing intrinsic in the evidence tends to discredit either. It is not essential that the acceptance of the proposition should be instantaneous, or written, or spoken. Moving into the store, after having telephoned whether it would be right to do so, without suggesting or proposing any change of terms, was an acceptance of the terms previously offered, and constituted a contract.

On October 31, 1889, Henderson made to defendant a general assignment for the benefit of his creditors, which he accepted. Though the assignment does not in terms transfer the lease, nor import that Henderson had such lease, its language—all property, real and personal, owned by the assignor, except specified exempt property—is comprehensive enough to include and transfer the lease. The mere acceptance of the assignment would not render defendant liable as assignee of

[Smith v. Ingram.]

the lease; there must be an acceptance of the term, or some act indicating an intention to accept it. The assignee has the right to elect, whether he will take the property assigned, and exclude the lease. If he accepts a general assignment, transferring a lease of premises held by the assignor, without excluding the lease, and, with knowledge of its terms, enters into possession under it, he becomes liable as assignee of the lease. Though the authorities are not in harmony, whether an entry and occupancy for the purpose of selling the assignor's goods, and making such sale in a reasonable time, will subject, the assignee to liability for rent, it was ruled in *Dorrance v. Jones*, 27 Ala. 630, that where a lessee of premises makes a general assignment of all his property whatsoever for the benefit of creditors, though the mere acceptance of the assignment may not constitute the trustee an assignee of the lease, if he elects to accept the interest of the assignor, and enters under it, he becomes so bound; and taking possession of the store, to use as a place in which to sell the goods, is an election to take the lease, from which, when once made, he can not recede. Whilst we are unwilling to extend, we are not disposed to disturb, the principle settled in that case. Accepting the assignment, and subsequently entering into possession of the store, is *prima facie* sufficient evidence of an election to accept the lease; but the presumption may be rebutted or disproved.

It has been held, that though being in possession, paying rent, and sub-letting, is presumptive evidence that the person sought to be charged as assignee holds an assignment of the lease, he is not estopped from showing that he has never accepted a valid assignment, and if this appears he can not be held as assignee.— *Welsh v. Schuyler*, 6 Daly, 412. The defendant, therefore, may show that no lease was in fact transferred by the assignment, and that he did not know of its existence, and did not accept the term.— *Lewis v. Burr*, 8 Bosw. 140. But it appears that, after entering into possession, defendant notified plaintiffs that he would want the store only until he could dispose of the stock of goods, and if that was not satisfactory, he would remove them at once. In reply, plaintiffs informed him that they had rented the store to Henderson for a year, and expected the rent for the balance of the term to be paid. Whether the goods were removed after receiving this information, does not appear. Though defendant may have first entered in ignorance of the existence and terms of the lease, if, after being informed, he continued to occupy longer than was reasonably necessary to remove the goods, this will be regarded an election to accept the interest of the assignor. In that event, the liability of defendant for the

[Smith v. Ingram.]

rent sued for will depend upon possession during the term the rent is claimed.

The liability of the assignee is founded on the privity of estate existing between him and the lessor, not on a privity of contract. His liability is co-existent with the privity of estate; when the latter terminates, the former ceases as to rent subse--quently accruing. He may exonerate himself from further liability by assigning to a stranger, and relinquishing possession.—*Johnson v. Sherman*, 76 Amer. Dec. 481; Taylor on Land. &. Ten. § 452. The general rule is thus stated: "The assignee of a lease is only bound by the covenants therein so long as he retains the possession, by himself or his tenants, of the demised premises. He is not liable to the reversioner upon the ground of a privity of contract, but solely by virtue of his actual occupation and beneficial enjoyment. Possession is both the foundation and the boundary of his liability." 10 Amer. St. Rep. 559, n; 15 Amer. Dec. 543, n. The surrender or abandonment of possession operates the destruction of the privity of estate.—*Astor v. L'Amoreux*, 4 Sandf. 524. Notwithstanding an assignee of the lease may not recede from an election once made, as ruled in *Dorrance v. Jones, supra*, he may relieve himself from liability for subsequently accruing rent, by an act which works the dissolution of the privity of estate.

It is incumbent on defendant to rebut or disprove the presumption, arising from his acceptance of the assignment, entering into possession, and paying the rent for two months. He states in his testimony, that he kept the store about one month, and paid the rent for that and the preceding month. What was done with the store thereafter? Did defendant surrender possession, or did he continue to keep the control and management, though not actually occupying it? These are material inquiries in determining whether the privity of estate was destroyed, as to which the record is silent.

On the theory that there was a lease of the store to Henderson, for a definite and unexpired term, at the time of making the assignment, and as the judgment must be reversed because of this conclusion, and the insufficiency of the evidence disclosed by the record to overcome the presumption of defendant's acceptance of the interest of the assignor, we have endeavored to state the principles on which his liability must ultimately depend. Of course, these principles have no application, if on another trial plaintiff should fail to prove the rental contract.

Reversed and remanded.