(Hamilton County Court of Common Pleas.)

MORRISON ET AL. *v.* BRUCE, individually, and Bruce, as assignee for the benefit of the creditors of the George D. Winchell Manf. Co.

---

1. Where an assignee, for the benefit of creditors, elects to occupy premises leased to his assignor, he becomes personally liable under the covenants of the lease.
2. Carrying on the business in the premises is evidence of such election.
3. Whether the assignee is not bound by virtue of the deed of assignment itself without the election, *quaere?*

(Decided October, 1894.)

HOLLISTER, J.

Plaintiff leased certain premises to the George D. Winchell Manufacturing Company perpetually, with privilege of purchase within fifteen years, rents and payments on account of purchase-money expressly stipulated. Lessee made an assignment for the benefit of creditors to John E. Bruce, whom plaintiffs sue for the stipulated rent, and an installment of purchase-money coming due while he was in possession. The question is

to what extent the assignee under the circumstances is liable, if at all, and how, whether as assignee or personally.

Bruce accepted the assignment; went into actual possession of the premises; obtained an order of the probate court to carry on the business of the assignor, and did carry it on for several months, and occupied the demised premises for that purpose.

The assignee claims that he notified Thos. Morrison and his counsel that he would not accept the assignment of the lease. Mr. Morrison's understanding was that the question discussed between the parties at several interviews, was as to the legal liability involved in carrying on the business on the premises. Counsel for the respective parties understood it as did their clients. Lack of veracity is not and can not be charged against any of the parties, and the testimony is irreconcilable. Certain it is that no written disclaimer was ever made by the assignee, and the actual facts may be best determined by the acts of the parties. Morrison and his counsel were seeking their rent under the lease; the assignee was disclaiming liability, but was in possession, actually carrying on the business. The use of the premises was absolutely essential to the transaction of the kind of business he was engaged in. He made no attempt to obtain other quarters; but remained in possession and enjoyed the beneficial use of the property, knowing that plaintiffs proposed to hold him under the covenants of the lease. Such acts on the part of an assignee are the best, and to me conclusive evidence of his election to accept under the lease. Nor is authority on that point wanting. *Dorrance* v. *Jones*, 27 Ala. 630, where it was held that : " If the trustee (general assignee for the benefit of creditors) enters upon and takes possession of the leasehold premises, and uses them for the purpose of selling the goods assigned, this is such an acceptance and election as will bind him as assignee; and, the election once made, he can not recede from it;" and *Ansell* v. *Robson*, 2 C. & J. 610, where Lord LYNDHURST, C. B., says : " If assignees go on the premises for the purpose of taking possession, and actually take possession, that is sufficient to bind them to take the premises. The interest of the bankrupt vested in the defendants, and it was expressly found by the jury that they took possession and occupied with a view to benefit the estate, a finding perfectly consistent with the evidence."

But even if the assignee did decline in words, or even in writing, to accept under the lease, yet he can not be permitted to talk one way and act another. *Clark* v. *Hume*, Ryan & Moody's Reports, 207, is in point. The assignee of the bankrupt disclaimed the lease by letter to the landlord, but was held to have elected to accept the lease notwithstanding, because he was using the premises for the benefit of the creditors. In summing up, ABBOT, Lord C. J., said : " Now, although an assignee in words or in writing declares his intention to refuse the estate, yet if, in fact, he takes advantage of it, he is not relieved from the charges incident thereto. A mere nominal dissent is not sufficient; it must be one in fact, and in substance." See, also, *Turner* v. *Richardson*, 3 Smith, King's Bench, 330, citing *Broome* v. *Robinson*, at page 333. Directly in point is *Smith* v. *Ingram*, 90 Ala. 529, and *Horwitz* v. *Davis*, 16 Md. 313.

We find, therefore, that the assignee has elected to accept. And further, there is strong ground for the proposition that he becomes liable by the mere acceptance of the deed of assignment; the point being that the insolvent laws of Ohio regarding the position the assignee occupies to creditors, and the methods of administration and distribution of estates become operative after the execution, delivery and acceptance of the deed, and that the deed preserves its common law attributes. An acceptance of it, therefore, it is claimed, devolves upon the grantee all of the burdens as well as the benefits accruing under it.

The only reported case in Ohio on the subject, so far as I am advised, is *City of Cincinnati* v. *Goodhue, assignee,* 20 Bull. 370, where the Superior Court of Cincinnati in General Term held expressly contrary to the proposition just advanced. The conclusion of the court was based on the similarity of the Ohio assignment laws to the laws governing the administration of estates under bankrupt proceedings. Says the learned judge who decided that case : "This brings us, then, to the position of an assignee for the benefit of creditors under the insolvent laws of Ohio. He stands in a very different position from the assignee for the benefit of creditors as common law. He much more nearly resembles in his rights and duties the assignee in bankruptcy. Under our law he represents not the rights of the assignor, but the rights of creditors. He acquires by operation of law those rights, and not by virtue of the deed, because the assignor had no power to convey them. * * We think that if an assignor could force upon his creditors the burden of a leasehold worth less than nothing it would defeat the object of the statute, which is to enable the assignee in every way best to preserve the rights of creditors. Although named by deed, his right to represent creditors is his by law, not by deed, and gives him, we think, the right to reject what of the assignor's chattels is a burden."

But this notion of the character of an Ohio assignment for the benefit of creditors comes in conflict with several authorities of a high character. In *Johnson* v. *Sharp*, 31 Ohio St. 611, Sharp was a resident of Ohio, and was a creditor of Wallace, who lived in Missouri. Wallace executed in Missouri a deed of assignment to Sharp and placed it in the post-office for transmission. It was held that the assignment was complete and passed title from the time the deed was placed in the post-office, and was good as against subsequent attaching creditors. Touching upon the subject of this discussion, say the court : "Nor is the title of an assignee of such non-resident debtor at all affected by the fact that a probate court of the county in which such assigned property may be located has assumed jurisdiction over the administration of such trust. The validity of such assignments is not, in any case, affected by this legislation, but only the mode of administering them ; so that the validity of all such assignments must be determined by the general law in relation thereto." Again : "The sole question in the case is, did the assignment of the attached property from Wallace to Sharp take effect as against the attachment of the plaintiff in error under the rules of the common law ?" The question was answered in the affirmative. "In our opinion," say the court, "the assignment was complete and effectual to pass title to the assignee, *eo instanti* that the deed was placed in the post-office." And, in speaking on this subject, the court said in *Meyers* v. *Hellman*, 91 U. S. 496, on page 502 : "The statute of Ohio is not an insolvent law in any proper sense of the term. It does not compel, or in terms authorize assignments. It assumes that such instruments were conveyances previously known, and only prescribes a mode by which the trust shall be enforced. * * * There is nothing in the act resembling an insolvent law. * * * It leaves his (insolvent's) after acquired property liable to his creditors precisely as though no assignment had been made. The provisions for enforcing the trust are substantially such as a court of chancery would apply in the absence of statutory provision. The assignment in this case must, therefore, be regarded as though the statute of Ohio, to which reference is made, had no existence." This case and *Johnson* v. *Sharp*, are referred to and followed in *Shroder* v. *Tompkins*, 58 F. 672, where, among other things, the court, BAKER, J., holds that "the Ohio statute relative to assignments for the benefit of creditors merely prescribes the method of enforcing and ad-

ministering the trust after it is created, and the validity and character of the assignment is to be determined by the common law.

Now, under the common law the assignee had no right to elect whether or not he would accept the lease as a part of the assignment and become only liable to its covenants by reason of his acceptance. He became subject to them, *nolens volens*, by virtue of the assignment itself, which raised between him and the lessor the privity of estate, which is the basis of liability. *White* v. *Hunt*, L. R. 6, Ex. 32; *Howe* v. *Kennet*, 3 Ad. and E., 659. The distinction is shown in *Hoyt* v. *Stoddard*, 2 Allen, 442, where it is said: "The distinction between an assignee by deed and by operation of law is this : the former becomes liable without entry by accepting the deed, while the latter is chargeable only by actual proof of entry, or unequivocal proof of an acceptance of the lease."

But what the law is on this subject, as the Supreme Court may eventually announce, is really not material to the decision of the case, as we have shown that the assignee has elected to take the lease, and the only further question is as to the nature of the assignee's liability.

On principle and authority there seems to be no doubt but that the liability is personal.

The principle, as stated by the Superior Court in General Term, in the case of *Kittredge* v. *Miller*, 19 Bull. 119, drawn by analogy from the case of *Lucht* v. *Behrens*, 28 Ohio St. 237, where the nature of contracts made by executors was the question, is: "That an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract and thus create a liability not founded upon a contract or obligation of the testator." At first glance it would seem that the obligations of the assignee are founded upon a contract made by the assignor, but that contract had come to an end, so far as it lay in the power of the assignor to carry it out, and the assignee, by election, to take under its provisions made substantially a new agreement to carry out its terms. If this is true, then the case comes directly within the rule. It is not necessary to go into the exceptions to the rule, which seem to rest on the principle of equitable lien, of which the cases of *Ice Co.* v. *Pfau*, 5 Bull. 710, and *Conger* v. *Atwood*, 28 Ohio St. 134, are illustrations, for, as in the former, where the court had authorized the assignee to continue the business and he had purchased ice, which was necessary in its proper prosecution, it was held that the creditor could elect to pursue the assignee either in his representative capacity or individually.

The point was directly passed on in *Cincinnati* v. *Goodhue, Assignee, supra*, and the assignee held personally liable. This seems to be the law in such cases. But the assignee claims that he can be liable only for use and occupation as upon the *quantum meruit*. But I do not think this claim tenable. His election to take has established the privity of contract between him and the lessor. The covenants of that contract run with the land. *Masury* v. *Southworth*, 9 Ohio St. 340; *Worthington* v. *Hewes*, 19 Ohio St. 66. When the assignee takes the land under the lease, he assumes all of the covenants while he remains in possession. He is, therefore, personally liable under the lease, and not for use and occupation.

Judgment for plaintiff.

*J. H. Bates* and *H. P. Kauffman*, for plaintiff.

*Bromwell & Bruce*, for defendant.