Horwitz *vs.* Davis.

(Decided June 29th, 1860.)

# Theophilus B. Horwitz *vs.* Allen B. Davis.

Where a lessee makes a general assignment of "all his property of every sort and description," for the benefit of his creditors, it is sufficiently comprehensive to pass to the trustee the grantor's interest in the term.

But the trustee was not bound to accept the assignment of the term; he had his election to take it or not, as he might deem it for the benefit of the creditors.

Unless the trustee elects to take it, or goes into possession and occupies the premises under the assignment, he will not be bound for use and occupation as tenant.

But if the trustee actually goes upon the premises and occupies them under the assignment, he becomes liable to an action for use and occupation as tenant.

If the trustee enters upon and takes possession of the premises and uses them for the purpose of selling the goods assigned, this is such an entry and acceptance of the assignment of the term as will make him liable for the rent, as assignee of the lease.

APPEAL from the Court of Common Pleas.

Action on the case brought on the 9th of January 1858, by the appellee against the appellant, for the use and occupation of a certain house and lot on Pratt street, in the city of Baltimore. Plea, that the defendant did not hold, use, occupy or enjoy the premises as alleged.

*Exception.* The evidence is fully stated in the opinion of this court. The deed of trust from Fowler to Horwitz, conveys "all the stock of goods, fixtures and furniture contained in the store, on the south side of Pratt street, No. 155, and all debts due him, the said Fowler, and *choses in action* to him belonging, and *all his property of every sort and description,*" upon trust, in the usual form, to sell the same and apply the proceeds to pay the debts of Fowler. The advertisement, signed by Horwitz as trustee, states that it is a trustee's sale of the goods and fixtures in this store, and that he will sell the same at the store above named, by virtue of the above deed of trust. The court (MARSHALL, J.) granted, at the instance of the plaintiff, the instruction set out in the opinion of this court, and to this ruling the defendant excepted, and the verdict and judgment for $125 and costs, being against him, he appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*T. B. Horwitz* and *Geo. H. Williams,* for the appellant, argued:

That there was no evidence to establish the relation of landlord and tenant between these parties, nor from which the jury could find that the defendant used and occupied the premises as tenant of the plaintiff, or that he used or occupied them as assignee of Fowler's interest as lessee thereof. The entry of the appellant as *trustee,* and not in the capacity of the assignee of the term, for the purpose of disposing of and removing the property belonging to the trust, as speedily as possible, and of immediately putting an end to all connexion with the premises, did not render him the tenant of the ap-

pellee, and as such, or in any other way, responsible for the rent of the premises, or any part thereof. 6 *Johns.*, 48, *Smith vs. Stewart.* 7 *H. & J.*, 255, *Stoddert vs. Newman.* *Archbold's Law of Landlord & Tenant*, 149, 150. *Woodfall's Landlord & Tenant*, 220. 3 *Adol. & Ellis*, 659, *How vs. Kennett, et al. Moody & Malk.*, 481, *Carter vs. Warne.* 7 *East.*, 343 to 345, *Turner vs. Richardson.* 1 *Esp.*, 234, *Bourdillon vs. Dalton.* 2 *G. & J.*, 326, *Stockett vs. Watkins.* 10 *G. & J.*, 156, *De Young vs Buchanan.* There is no assignment of the lease in terms, and no proof that Fowler did not occupy the premises at the time of the sale. The appellant never saw the agreement between Fowler and Davis, creating the tenancy, and had no time or opportunity to elect whether he would take it or not, and it is submitted that the case of *Dorrance vs. Jones*, 27 *Ala.*, 630, cited by the appellee, cannot overrule the English authorities above referred to.

*T. A. Linthicum*, for the appellee, argued:

That the instruction was properly given. The appellant entered under Fowler, who was tenant of the plaintiff, and held possession for several days. He had possession of, and control over, the key of the front or street door, giving access to the entire building. His tender of the key was evidence of his right to surrender the premises, and consequently of his right as assignee of the interest of the lessee. Having thus entered under the tenant, and as assignee of his interest in the premises, he became tenant to the appellee, and could not determine such tenancy without the consent of the appellee, his landlord. The assignment from Fowler was clearly sufficient to pass his interest in this term, and having gone into possession and occupied the premises under the assignment, he became bound as tenant. The case of *Dorrance vs. Jones*, 27 *Ala.*, 630, clearly decides this position, and contains the true exposition of the law in reference to such cases. See, also, 12 *Barb.*, 263, *Carter vs. Hammett;* 1 *Dow. & Ry.*, 201, *Gibson vs. Courthope*, in 16 *Eng. C. L. Rep.*, 33; *Archbold's Law of Landlord & Tenant*, 149, 150, 152;

*Ry. & Moody,* 207, *Clark vs. Hume.* Under the English bankrupt laws, the assignee has the right to refuse or accept such a term as this, and in this respect the English cases are not applicable here.

BARTOL, J., delivered the opinion of this court:

This is an action for use and occupation, instituted by the appellee against the appellant. The facts of the case, as disclosed by the record, are as follows:

John R. Fowler rented the premises (for the use and occupation of which this suit is brought) from Davis, the appellee, for one year, commencing the 1st of April 1857, at a yearly rent, payable quarterly. The premises were occupied by Fowler as a dwelling and store house, and while so occupying them, he made an assignment to the appellant, for the benefit of his creditors, of his effects and property. The assignment was made on the 14th of September 1857, and was accepted by the appellant, who took possession of the goods which were in the store room, and occupied the store for the purpose of arranging the goods and effects, assigned to him, for sale, and selling the same; gave notice, by advertisement, that he would sell at public auction, on the premises, on the 22nd of September 1847, the goods, with the furniture and fixtures in the store, and did sell the same in pursuance of the advertisement, and on the following day offered to surrender the key of the premises to the appellee, who refused to receive the same unless the defendant would pay him the quarter's rent about to fall due on the 1st of October ensuing, which the defendant refused to do, and this action was brought to recover for the use and occupation of the premises by the defendant, as assignee of the lease.

The court, at the instance of the plaintiff, instructed the jury "that there was evidence from which they might find that the defendant used and occupied the premises, as tenant to the plaintiff, and as assignee of the interest of Fowler, as lessee, and, if the jury should so find, their verdict ought to be for the plaintiff." To this instruction the defendant excepted.

'The deed of trust from Fowler to the defendant, was sufficiently comprehensive to convey the interest which the grantor had as lessee of the premises; but the trustee was not bound to accept of the assignment of the term; he had his election either to take it or not, as he might deem it for the benefit of the creditors, and unless he elected to take it, or went into possession and occupied the premises under the assignment, he would not be bound for use and occupation, as tenant. *Turner vs. Richardson,* 7 *East.,* 336. *Gibson vs. Courthope,* 1 *D. & R.,* 201, (16 *Eng. C. L. Rep.,* 33.) *Carter vs. Hammett,* 12 *Barbour,* 263. See, also, the authorities referred to in *Archbold's Landlord & Tenant,* 149 *& 150, marg., (*53 *Law Lib.,* 151.*)* But if the assignee actually goes upon the premises and occupies them under the assignment, he becomes bound as tenant, and is liable under this form of action. A majority of this court are of opinion that, in this case, there was evidence of such occupancy, and that the judgment ought to be affirmed.

The case of *Dorrance vs. Jones,* decided by the Supreme Court of Alabama, in 1855, (27 *Ala. Rep.,* 630,) was very similar to this, in its facts and circumstances, and that court sustained the action for use and occupation. A majority of this court concur in the judgment pronounced in *Dorrance vs. Jones,* and refer to and adopt the reasoning and authorities on which it was based.

*Judgment affirmed.*

(Decided June 29th, 1860.)