# GEORGE B. JOHNSON
## v.
## HENRY W. LEMAN ET AL.

*Trusts—Charge against Estate for Commissions—Express Agreement.*

1. A claim for commissions for procuring a loan at the request of the trustee can not be made a charge upon a trust estate, without an express agreement to create such charge.

2. It seems to be a matter of doubt whether such a charge can be created even by express agreement.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding

Messrs. PECKHAM & BROWN, for appellant.

Messrs. WILLIAM C. WILSON and DAVID L. ZOOK, for appellees.

Mr. W. T. BURGESS, for Hugh A. White, trustee.

GARY, J.   The appellant filed his bill, to be paid by the trustee out of the funds of the estate of the late Francis C. Sherman, formerly an eminent citizen, and twice mayor of Chicago, compensation for services, beneficial, as he claims, to the estate, and rendered at the request of a former trustee. The briefs on his behalf concede, in effect, that there is no precedent in his favor, and that what authority there is, is against him, and ask that some new law shall be made to fit his case.   The court can hardly be expected to comply with such a request.

The farthest that any cases, which can be considered authority, go, is that when a trustee is authorized to make an expenditure, and has no trust funds, and the expenditure is

necessary for the protection, reparation or safety of the trust estate, and he is not willing to make himself personally liable, he may, by express agreement, make the expenditure a charge upon the trust estate.

It is not sufficient to show that the expenditure was upon the faith or credit of the trust estate. A lien or charge upon the trust estate can only be by virtue of some agreement to that effect. New v. Nicoll, 73 N. Y. 127. And even to that extent the rule is questionable.

Many cases hold that the trustee can not, unless so authorized by the instrument under which he holds, create such charge by express agreement. 2 Pom. Eq. Jur., Sec. 1085, note 2. See, generally, Barker v. Kunkel, 10 Ill. App. 407; Lewin on Trusts, Ch. 24, Sec. 2, par. 15; Hill on Trustees, 567; 2 Spence Eq. Jur. 804. No such agreement is alleged in this case. The averment that "as trustee" the trustee retained the appellant, is no averment of such an agreement.

The decree dismissing the bill is affirmed.

*Decree affirmed.*