## Edward T. Singer, Assignee,
## v.
## Michael B. Leavitt.

*Insolvency—Assignment—Contract of Insolvent—Assumption of by Assignee—Theatrical Troupe—Guaranty—Evidence—Order of County Court.*

1.   The County Court may properly order the payment of debts incurred under duly authorized contracts entered into by an assignee for the purpose of preserving the property involved, and rendering it available to the creditors.

2.   This court affirms an order of the County Court directing the payment of a certain balance claimed to be due the manager of a theatrical troupe who entered into a contract with the proprietor of a theatre to play therein a season of one week upon a certain guaranty, said contract having been assumed by the assignee of such proprietor, who subsequently made a voluntary assignment for the benefit of his creditors.

[Opinion filed September 11, 1889.]

Appeal from the County Court of Cook County; the Hon. E. H. Gary, Judge, presiding.

Messrs. Hanecy & Merrick, for appellant.

Messrs. Gentleman, Richolson & Nolan, and Case, Judson & Hogan, for appellee.

An order of a court such as is referred to in this case, implies consent that all expenses in connection with carrying the same into effect shall be paid out of the first moneys on hand. Beach on Receivers, p. 299.

Since it is impossible for the assignee to operate a theatre without incurring expenses, it is entirely reasonable that the property to be benefited by his management shall bear the cost of it. It is equally reasonable that his necessary expenses in operating and managing the theatre shall constitute a lien in preference to all other obligations. Wallace v. Loomis, 97 U. S. 286; Miltenberger v. Logansport R. R. Co., 106 U. S. 286; Taylor v. P. R. R. R. Co., 7 Fed. Rep. 377; Atkins v. Petersburg R. R. Co., 3 Hughes, 307.

The courts go further and hold that where the best interests of all concerned demand the continuance of a business, or the operating of a railroad, that " the debts incurred thereby have priority over the incumbrances." Gilbert v. W. C. G. T. R. R. Co., 33 Gratt. 586.

There is no doubt that the assignee had the power to make such a contract, and that whatever loss may have arisen under such contract, should be payable out of either the income of the property in his hands or out of the estate itself. If the court, through the assignees, sees fit to operate a theatre with the honest intention of thereby enhancing the value of the estate and security of the numerous creditors, then it does not lie either in the mouth of the assignee or the creditors to object to the payment of such claim, in the event of a loss, inasmuch as they would have been benefited had the theatre made money. Under such an agreement as was made by the assignee in this case, we are satisfied beyond any question whatever, that the claim of the appellee is a first lien upon the property in the hands of the assignee, superior and paramount to all others, and should be paid as one of the charges incident to the management and control of the theatre while in the hands of the assignee as the representative of the court. The following authorities we think will fully sustain our position: Cowdrey v. R. R. Co., 1 Woods, 330; Cowdrey v. R. R. Co., 93 U. S. 352; Fosdick v. Schall, 99 U. S. 235;

Union Trust Co. v. Illinois Midland Co., 117 U. S. 455; High on Receivers, Sec. 395; Noyes v. Ritch, 52 Me. 115; Blumenthal v. Brainard, 28 Vt. 402; Gilbert v. R. R. Co., 33 Gratt. 586; Southern Law Review, Vol. 4 (N. S.), page 29; American Law Review (1883), page 832.

Moran, J. Appellee, who was the manager of a theatrical company, on the 18th of July, 1888, entered into a contract with Baker, the owner of a theatre at that time being built on Wabash avenue in Chicago, to play a certain season of one week with his company at said theatre. The time first fixed in the contract for beginning the season was April 7, 1889, but it was afterward changed at the request of Baker to December 10, 1888. By the contract appellee was to furnish the stage representations, etc., and was to receive seventy per cent of the gross receipts of each performance, and the said owner of the theatre guaranteed that appellee's share should reach the sum of $2,500 for the week. Before the time came for the commencement of the engagement, Baker, the owner of the theatre, made a voluntary assignment for the benefit of his creditors, of the theatre and other property, and the assignee petitioned the court for leave to keep the theatre running, representing that such course would be for the best interests of the property, and in order to do so asked leave to go forward with the engagement made with appellee, and thereupon the court ordered the assignee to operate said theatre until the further order of the court, unless cause should be shown, to the contrary within five days. Thereupon the assignee indorsed the contract between appellee and Baker as follows:

"Pursuant to the order of the County Court *in re* Baker et al., I hereby ratify the within contract.

"W. W. Charles, Assignee."

"Chicago, Dec. 2, 1888.

Thereupon appellee commenced his engagement at said theatre at the time fixed in said contract and played for one week, and afterward filed his petition in the County Court stating the foregoing facts, and that there was due to him under the

terms of the said contract, $1,019.80, which the court ordered the assignee to pay out of any money in his hands after paying all expenses of administration, and all expenses of the said business as carried on by the assignee; but the court reserved the question whether or not said claim should be paid out of a sale of the property owned by the insolvent at the time of the assignment. From this order the appeal is prosecuted.

As we understand this order, it has relation to the payment of an indebtedness incurred in managing and conserving the property in the hands of the assignee, and if it be admitted that the court has power and authority, and that it is the duty of the court to pursue such course with reference to the property which comes to its hands as will best preserve its value and render it most available to the creditors, as to which it seems to us there can be no doubt, then it must follow that the court is to exercise a reasonable discretion as to its operation and management. It was impossible in the nature of things for the assignee to operate the theatre without incurring expenses and making contracts, and it would be certainly unjust for the court to authorize the incurring of an expense for the benefit of the property, and then turn the one who, on the faith of such order, furnished services, over to seek remuneration by sharing with ordinary creditors in the final distribution of the assets. What is done to preserve the estate to the creditors may well be done at the cost of the estate. Appellee does not come in making a claim against the estate as a general creditor. He is merely seeking pay for what he has done for the estate after it came to the hands of the assignee, with the assent of the assignee and the approval of the court.

There is nothing in the record tending to show any abuse of discretion on the part of the court, and the order appealed being one of discretion, can only be reviewed for manifest abuse of the court's power.

*Order affirmed.*