Baker v. Singer.

## T. B. BAKER AND SOPHRONIA BAKER
### v.
## EDWARD T. SINGER, ASSIGNEE.

*Insolvency—Orders Relating to Property of Insolvent—Judge of Another Court—Presiding of.*

1. It is the duty of the County Court in insolvent cases to pursue such course with reference to the property which comes to its hands as will best preserve its value and render it most available to creditors. In the efforts to realize the largest returns possible for the creditors, the court must be left in possession of a liberal discretion, and its orders will not be disturbed, unless its discretion is manifestly abused.

2. In cases of this sort where the facts which induced the court to make the orders complained of, are not preserved in the record, the presumption arises that circumstances existed which warranted the same.

3. In the case presented, this court holds, that parol evidence introduced to show that the judge in question was not requested by the county judge of Cook County to hold the court and that a certain order was not entered while presiding as judge, can not properly be considered in view of the fact that the record shows that he was properly presiding therein.

[Opinion filed January 22, 1890.]

APPEAL from the County Court of Cook County; the Hon. E. H. GARY, Judge, presiding.

Mr. GEORGE W. PLUMMER, for appellants.

Messrs. HANECY & MERRICK, for appellee.

GARNETT, J. Appellants complain of orders of the County Court of Cook County, in the matter of the voluntary assignment of T. Brougham Baker and Sophronia Baker, insolvents. The orders are said to have been improperly made by E. H. Gary, judge of the County Court of Du Page County. A bill of exceptions in the case present parol evidence taken after entry of the orders, and for the purpose of setting them aside, which, as appellants claim, shows that Judge Gary was not requested by the judge of the County Court of Cook County to hold the court, and that one of the orders was entered by Judge Gary at his private office in Chicago, and not while he was presiding as judge of the County Court. The record, however, recites that he was presiding at the request, and in the absence of, the judge of the court, and that recital can not be attacked in the manner now proposed. Hansen v. Schlesinger, 125 Ill. 230; Weigley v. Matson, Ib. 64.

The orders which appellants object to, gave leave to the assignee to finish the building known as Baker's Theater (which was part of the estate assigned), to issue certificates or notes for the money necessarily expended for that purpose, which should constitute, together with other assignee's notes or certificates previously issued, a first and valid lien on the theater property, and to lease the property together or in parts for a term not to exceed five years. Part of the building in question is designed for a theater and its appurtenances, and the remainder for a hotel. The assignee reported on February 19, 1889, that he had leased the theater and its appurtenances to John H. Havlin for a term of five years commencing May 1, 1889, for a rental of $50,000 for the term, payable in installments, which was the highest bid he received therefor, and he recommended the approval of the lease. The court accordingly approved the same. As the facts which induced the court to give leave to the assignee to finish the building, issue notes and make the lease, are not preserved in the record we must presume the existence of circumstances that warranted the order, and that the same were duly presented to the court. For aught that appears, the appellants may have con-

sented to the order, and in that case they certainly would take nothing by an appeal. But this court has held in Singer v. Leavitt, 33 Ill. App. 495, that it is the duty of the court, in insolvent cases, to pursue such course, with reference to the property which comes to its hands, as will best preserve its value and render it most available to creditors. In the effort to realize the largest returns possible for the creditors, the court must be left in possession of a liberal discretion, and its orders will not be disturbed unless its discretion is manifestly abused. There is no showing of such abuse in this record.

The orders of the County Court are affirmed.

*Judgment affirmed.*