Goodman v. Lee.

CHARLES GOODMAN

v.

HENRY A. LEE.

*Master and Servant—Wages—Money Had and Received—Evidence—Instructions.*

1. Where the instructions in a given case were proper, the verdict of the jury upon conflicting testimony must be final.

2. In an action brought to recover money alleged to have been had and received by the defendant for the use of the plaintiff, this court holds, on account of the giving of an erroneous instruction by the trial court, that the judgment for the plaintiff can not stand.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. G. W. STANFORD, for appellant.

Messrs. GEORGE SPARLING and CHARLES A. SURINE, for appellee.

GARY, J. The appellant was trustee, managing an estate. There is no dispute that he employed the appellee to attend to suits before justices affecting the estate, at $5 each. Also to pay him $3 per week.

Whether the weekly payments were on account, or in addition to and independent of the fees for the suits, was in dispute, and the jury found in favor of the appellee.

The appellant denies his personal liability; says that whatever the appellee is entitled to, is a charge against the estate. The fact that the services were for the benefit of the estate, had no effect upon the contract between these parties. The appellant could give the appellee no legal claim upon the estate. Whether he could give him, by express contract that his services should be a charge upon the estate (of which there is no evidence) an equitable claim, is a controverted question. Sperry v. Fanning, 80 Ill. 371, 462; Johnson v. Leman, 30 Ill. App. 370; same case, 132 Ill. 609.

If there were no error in the instructions, the verdict of the jury, on conflicting testimony, would be final. But each party having testified to his own version of the contract, and the theory of the appellee being that the appellant had, in his accounts with the estate, received credit for the $5 a case, and was therefore liable for those fees as money had and received to the use of the appellee, the court instructed the jury that "the only question is whether the defendant personally agreed to pay the plaintiff, or collected money coming to the plaintiff and failed to pay it over." That was not the only or even the principal question. The appellee admitted that the $3 a week had been paid. The appellant admitted that he employed the appellee at $5 a case. True he also claimed that the estate, and not he, was chargeable, but as already shown, that was a mistaken view of the law.

In effect, therefore, the jury were told to disregard the appellant's testimony that the fees were to be paid by the weekly allowance, and give the fees, though the weekly allowance had been paid.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*