JANET SMITH

v.

JAMES B. GOODMAN, ASSIGNEE.

*Insolvency—Claim of Landlord to Preference—Rent Accruing after Assignment.*

The petition of a landlady to the County Court, in an insolvency case, to

award to her, as a preferred claim, rent that accrued under a lease, after the assignment, upon the ground that the assignee, by his conduct, elected to take the term under the lease as such assignee, refused. Such a claim, if valid, exists against the assignee personally.

[Opinion filed January 14, 1892.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. TOLMAN & SIMONS and DOOLITTLE, McKEY & TOL-MAN, for appellant.

Messrs. HERRICK & ALLEN, for appellee.

GARY, J. The appellee is assignee in insolvency of the C. J. L. Myer & Sons Co., a corporation, administering its assets under the direction of the County Court. The appellant was the landlord—if a lady may be a lord—of the corporation, and had been paid all the rent that accrued under the lease during the period that the appellee occupied the premises. By her petition to the County Court she asked that court to award to her, as a preferred claim, over the claims of the general creditors, the residue of the rent that accrued under the lease, upon the ground that the appellee, by his conduct, elected to take the term under the lease as such assignee. How the supposed consequence, that the rent would thereby become a preferred claim, follows, is not very clearly expressed, either in the petition or brief of the appellant. The County Court denied her petition and she appealed.

That rent accruing during the occupation by the assignee for the purpose of winding up the business of the assignor, might be allowed as expenses of the administration in preference to general debts, may be conceded. Singer v. Leavitt, 33 Ill. App. 495; Baker v. Singer, 35 Ill. App. 271. But if the appellee is charged as assignee of the lease, on the ground that he has elected to take it, he is charged, not representatively, with a debt to be discharged out of the assets of the assigned estate as between himself and the landlord, but personally. Of such a

claim, if exceeding one thousand dollars, the County Court has no jurisdiction; and if not so exceeding has jurisdiction only in an action at law against him. Sec. 7, Act March 4, 1874, County Courts. Most of the cases cited by the appellant to show that the appellee had, by his conduct, elected to take the term, are cases in which it was held that by such election the defendant became personally liable. Hanson v. Stevenson, 1 B. & Ald. 303; Clark v. Hume, Ryan & M. 207; Carter v Wayne, 4 Car. & P. 191; Thomas v. Pemberton, 7 Taunt. 206; Dorrance v. Jones, 27 Ala. 630; Horwitz v. Davis, 16 Md. 313. Other cases cited do not present the question of such personal liability. See also Turner v. Richardson, 7 East, 335; Naist v. Tatlock, 2 H. Bl. 320; Doe v. David, 5 Tyrwhitt, 125; 3 Winn's Exrs., 1853; Taylor L. & T. 458.

What remedy the appellant has under Sec. 10 of the act concerning assignments, or whether the appellee is personally liable, of course we do not decide.

She presented no claim under that section, and if his conduct made him assignee of the term, his liability, if any, was personal, which the County Court had no jurisdiction to enforce.

The judgment is affirmed.

*Judgment affirmed.*