Chicago Fire Place Co. v. Tait.

## Chicago Fire Place Company (Intervening Petitioner) v. J. Selwin Tait, United States Book Company, George M. Trowbridge, Receiver.

1. INSOLVENCY—*Does Not Discharge a Corporation.*—Insolvency does not discharge a corporation from its liabilities existing at the time a receiver is appointed nor from those accruing thereafter.

2. TRUSTEES—*No Implied Power to Create Liens.*—A trustee of whatever character, be he trustee of an express trust, executor, administrator, guardian, assignee in insolvency, or receiver, has no implied power to charge or create a lien upon the assets in his hands, unless under some very exceptional circumstances. If, therefore, anything is done by him which creates a liability at all, it must generally be against himself.

3. LANDLORD AND TENANT—*Insolvent Tenant—Receiver—Liability for Rent.*—A corporation in possession of premises under a lease, became insolvent and was placed in the hands of a receiver, who continued to occupy the premises under the lease for a period less than the term and then left with a notice to the landlord that he would pay no more rent. The landlord not being able to procure other tenants for a portion of the unexpired term petitioned the court appointing the receiver for relief, but was denied. *Held,* on error, that he was entitled, as a claim upon the assets, to be paid *pro rata* with other creditors, the rent for which at the time of such allowance, the insolvent might be liable, according to the terms of the lease.

Claim for Rent.—Insolvent corporation; receiver. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded with directions. Opinion filed April 4, 1895.

BRIEF OF PLAINTIFF IN ERROR, GANNON & AGNEW, ATTORNEYS.

If the assignee enters upon the demised premises, or does any other act which is equivalent, to signify his assent to accept the term as the assignee of the lease, he will become the tenant of the premises and render himself liable for the rent.   Thomas v. Pemberton, 7 Taunt. 205; Clark v. Hume, 1 Ryan & Moody 206; Hanson v. Stevenson, 1 Barn. & Al. 303; Woodruff v. Erie Ry. Co., 93 N. Y. 624; Com. v. Franklin Insurance Co., 115 Mass. 278.

BRIEF OF DEFENDANTS IN ERROR, MASON BROTHERS AND WILLIAM C. ARNOLD, ATTORNEYS; HENRY E.
MASON, OF COUNSEL.

The assignee will not be held to have accepted the lease unless it be shown that he has done so expressly, or by unequivocal acts, inconsistent with the right of entry by the landlord, has indicated an election to appropriate the leasehold estate.   Smith v. Goodman, 149 Ill. 81.

The receiver being an officer of the court and acting under the court's direction and instructions, his powers are derived from and defined by the court under which he acts. He is not such a general agent as to have any implied power, and his authority to make expenditures and incur liabilities must be either found in the order of his appointment or be approved by the court before they acquire validity and have any binding force upon the trust.   Chicago Deposit Vault Company v. McNulta, 153 U. S. 561.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The United States Book Company was tenant of the plaintiff in error under a lease to expire April 30, 1897.

In January, 1893, under a bill filed by Tait, alleging that the book company was insolvent, a receiver of its assets was

Chicago Fire Place Co. v. Tait.

appointed, who occupied and paid the rent of the demised premises to the end of March, 1894, then leaving them, with notice to the plaintiff in error that he would pay no more rent.

April 27, 1894, the plaintiff in error filed a petition asking for such relief as it might be entitled to, and on the hearing of that petition it appeared that the plaintiff in error, up to some uncertain later date, had not been able to get any rent for the premises, from any source.

November 27, 1894, the court dismissed the petition, and the plaintiff in error sued out this writ.

The insolvency of the book company did not discharge it from its liabilities existing at the time the receiver was appointed, nor from such as might thereafter accrue. The rent being $250 per month, payable monthly in advance, there was eight months' rent due when the petition was dismissed, for the whole of which the plaintiff in error could have maintained an action against the book company, unless some disposition of the premises, not shown by this record, had been made. For whatever the book company could have been made liable in an action, a claim against the assets should have been allowed.

The question elaborately argued by counsel, of acceptance of the lease by the receiver, has nothing to do with this case. If the receiver be liable, it is only in an action at law, and the liability of the book company is wholly independent of any act of the receiver.

In fact, a trustee of whatever character, be he trustee of an express trust, executor, administrator, guardian, assignee in insolvency or receiver, has no implied power to charge, or create a lien upon the assets in his hands, unless under some very exceptional circumstances. Sperry v. Fanning, 80 Ill. 371; Johnson v. Leman, 30 Ill. App. 370; 131 Ill. 609; Goodman v. Lee, 40 Ill. App. 229; Smith v. Goodman, 43 Ill. App. 530.

If, therefore, anything done by him creates a liability at all, it must generally be against himself. The difference between this court and the Supreme Court, in Smith v.

Goodman, 43 Ill. App. 530, 149 Ill. 75, was that we regarded Mrs. Smith's petition as one for a preferred claim, or nothing; while the Supreme Court held that under it she might come in as a general creditor.

It is only as a general creditor that the plaintiff in error here asks to come upon the assets, and to that extent the decision of the Supreme Court in Smith v. Goodman is authority in its favor.

The judgment is reversed and the cause remanded, with directions to allow to the plaintiff in error, as a claim upon the assets to be paid *pro rata* with other creditors, the rent for which at the time of such allowance the book company may be liable, according to the terms of the lease, and if the premises have been relet, then to allow damages as is pointed out in the opinion of the Supreme Court in Smith v. Goodman.