## William C. Reynolds et al. v. Charles H. Fuller, Assignee of the National Manufacturing & Importing Company.

1. VOLUNTARY ASSIGNMENTS—*Power of the Assignee as to Leasehold Interests.*—An assignee of an insolvent estate has a reasonable time within which to determine whether he will keep such a leasehold interest as his assignor had, subject to the payment of the stipulated rent, or will abandon the premises. If he elects to retain such leasehold and consequently to pay the rent accruing thereon, the election is, if not confirmed by the court, merely personal, binding him as assignee, and does not create a claim by the landlord against the estate.

2. SAME—*Claim for Rent as Expense.*—Where the assignee occupies

Reynolds v. Fuller.

rooms without an order of court the claim for the rent thereof, like claims for services performed for the assignee, is a claim against him personally, and whether it is such an expense as the court will allow to the assignee is for its decision.

3. SAME—*Rent of Rooms as an Expense of the Estate.*—Where the rent of rooms used by an assignee for the benefit of the estate is spoken of as an expense of the estate, what is meant, if such use has not been approved by the court, is, that it is a matter for which a proper allowance should be made by the court, not that the assignee can in such case, without authority from the court, conclude and bind the estate.

4. SAME—*Effect upon Leases held by the Assignor.*—Leases held by an insolvent assignor are not terminated by an assignment for the benefit of his creditors; the landlord is entitled to prove, with other creditors, his claims for rent already due, and for that which shall accrue, but he is not a preferred creditor.

5. SAME—*Rights of a Lessor.*—The right of the landlord to terminate the lease for the non-payment of rent is not destroyed by the assignment. He is entitled to insist upon all his legal and equitable rights notwithstanding.

**Voluntary Assignment.**—Claim for rent. Appeal from the County Court of Cook County; the Hon. C. H. DONNELLY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded, with directions. Opinion filed April 27, 1896.

## STATEMENT OF THE CASE.

On April 18, 1895, the insolvent National Manufacturing & Importing Co., then occupying rooms 320, 330, 340 and 350, in the Caxton building, owned by appellants, made a voluntary assignment to Charles S. Sheppard, who was succeeded two days later by the appellee. At that time there were in existence two separate leases of the premises, expiring respectively on April 30, 1895, and April 30, 1896. These leases alike provided for rent at the rate of $110 per month, and were alike in general details and provisions. When the present assignee took the premises he had no knowledge of these leases. During May, 1895, he gave up room 350, retaining the others, which he continued to use until February, 1896. The assignee during May, 1895, without leave of court and before appellant's claim was filed, orally agreed to pay $85 per month for the three rooms occupied by him so long as he should remain there,

but at this time the assignee had no knowledge of the second lease. Payments were made in substantial accordance with this arrangement until July 17, 1895. On July 20, 1895, appellants filed their claim against the estate, asking " that a claim may be allowed to them for the sum of said $1,540" (the total amount of rents due and to become due under both leases), "besides $100 for attorney's fees, making a total of $1,640, with such allowance in reference to interest as may be in accordance with the rights of the parties." No objection to this claim was filed, and upon the expiration of the statutory period, by virtue of the statute, it became fixed and allowed as a liquidated claim against the estate for the full amount.

Thereupon the assignee ceased to make payments on account of the use and occupation of the premises, taking the position that appellants had exhausted their rights by the allowance of a claim for the entire rental value of the premises, and that appellee was entitled to occupy the premises during the remainder of the term with no other compensation than the payment of dividends upon the claim. A petition was filed by appellants seeking payment for the use and occupation of the premises in addition to dividends upon their claim, to which the assignee made answer on the foregoing theory, and alleging further that the payments made by the assignee to appellants prior to July 20, 1895, should be credited on dividends allowed to appellants. Upon the foregoing pleadings and a replication filed by appellants, a hearing was had and an order entered adopting the view of the assignee so far as concerned the relief sought by appellants, for which order this appeal is taken.

Willard & Moore, attorneys for appellants, contended that the rent for use and occupation by the assignee is an expense of administration which must be paid in full.

A receiver or assignee takes *cum onere* and the rent or use and occupation of the premises while occupied by him is an expense of administration, a preferred claim against the estate of the insolvent. Baker v. Singer, 35 Ill. App.

Reynolds v. Fuller.

271; White & More, 54, Ill. App. 606 ; Spencer v. World's Columbian Exposition, 58 Ill. App. 637; Smith v. Goodman, 43 Ill. App. 530; Smith v. Goodman, 149 Ill. 75; Williard v. World's Fair Encampment Co., 59 Ill. App. 336.

The amount claimed from the insolvent estate for use and occupation by the assignee being less than the amount of rent fixed by the leases, the landlords are also entitled to a dividend as general creditors.    The tenant is not discharged by insolvency or by the abandonment of the premises by the assignee.    It remains wholly bound by all of the covenants of the lease.    Hartford Deposit Co. v. Chemical Nat'l Bank, 58 Ill. App. 256; 156 Ill. 522; Chicago Fire Place Co. v. Tait, 58 Ill. App. 293; Grommes v. St. Paul Trust Co., 147 Ill. 634; 47 Ill. App. 568; Smith v. Goodman, 149 Ill. 75.

He is not estopped from claiming all the cumulative rights which the law could give us.    Our rights are to be considered from the standpoint of equity.    Grommes v. St. Paul Trust Co., 147 Ill. 634; 2 Taylor, Landlord and Tenant (8th Ed.), 226; Brown v. Starin, 56 Ill. App. 231; City of Roodhouse v. Christian, 158 Ill. 137; Barchard v. Kohn, 157 Ill. 579; reversing same case, 54 Ill. App. 629; Atkins v. Byrnes, 71 Ill. 326; Holden v. Holden, 24 Ill. App. 106; Union Trust Co. v. Trumbull, 137 Ill. 146; Shepard v. Speer, 41 Ill. App. 211; Atlas Nat. Bank v. More, 152 Ill. 528.

SMITH, SHEDD, UNDERWOOD & HALL, attorneys for appellee, contended that a landlord does not occupy the position of creditor holding collateral.    Colebrooke on Collateral Securities, Sec. 2; Bouvier's Law Dictionary; 3 Am. & Eng. Ency. 311; Munn v. McDonald, 10 Watts (Pa.) 270.

Dividends are to be allowed to holders of collateral upon the amount due at the time of filing claim.    Levy v. Chicago National Bank, 158 Ill. 88.

Upon the allowance of appellant's claim against the insolvent for the full amount of rent to become due, the assignee became entitled to the premises as the property of the insolvent.    Dendy v. Nichol, 4 C. B. (N. S.) 376.

A party having two inconsistent remedies must elect between them, and is bound by his election when made. Herman on Estoppel, Secs. 1040–1048; Rockford v. Travelstood, 29 Ill. App. 659; Bigelow on Estoppel, 578.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

An assignee of an insolvent estate has a reasonable time within which to determine whether he will keep such leasehold interest as his assignor had, subject to the payment of the stipulated rent, or will abandon the premises. If he elect to retain such leasehold and consequently to pay the rent accruing thereon, the election is, if not confirmed by the court, merely personal, binding him as assignee, and does not create a claim by the landlord against the estate. Whether the court will allow such rent to be paid out of the estate, or reimburse the assignee for payment thereof by him made, is a question for the future determination of the court.

So, too, as to rooms occupied by the assignee without an order of the court, the claim for rent thereof, like claims for service performed for the assignee, is against the assignee; and while often spoken of as an expense of administration, it is yet a claim against the assignee personally, and whether it is such an expense as the court will allow to the assignee, is for its decision. Sperry, guardian, v. Fanning et al., 80 Ill. 371–374; High on Receivers, Sec. 180–186; Perry on Trusts, Sec. 437a; Gill v. Carmine, 55 Md. 339; People v. Abbott, 107 N. Y. 225; Hackman v. McGuire, 20 Mo. App. 286; Smith v. Goodman, 43 Ill. App. 530.

When the rent of rooms used by an assignee for the benefit of the estate is spoken of as an expense of the estate, what is meant, if such use has not been approved by the court, is, that it is a matter for which a proper allowance should be made by the court; not that the assignee can in such case, without authority from the court, conclude and bind the estate.

The assignment was for the benefit of claims then existing; these are to be paid *pro rata*. Appellants then had an

unearned claim, which in the ordinary course of events would be earned and become due. Such claim, as earned and due, they have been allowed. They now ask that the amount allowed them shall be paid to them as an expense of the estate.

If the assignee has occupied the premises, they are entitled to be paid by him, and if he has contracted to pay rent for the premises until the end of the time for which they were leased to the assignor, then the assignee should perform his contract.

Whether the assignee should be allowed by the court the amount he has so paid, or become liable to pay, is for the court to determine.

Undoubtedly the court might, for such amount as it thought proper, direct the assignee to pay the landlord instead of waiting for the assignee to first pay and then have his payment approved and credited to his account.

In the present case, the County Court has seen fit to refuse to order the assignee to pay his landlord, appellant, what is due from the assignee for the use and occupation by him of certain premises, such use and occupation not having been directed or approved by the court. That is, the County Court has refused to make what would seem to have been a good claim against the assignee, a claim against the estate.

By an assignment, the leases held by the assignor are not terminated; the landlord is entitled to prove, with other creditors, his claim for rent already due, and for that which shall accrue. Smith v. Goodman, 149 Ill. 75, but he is not a preferred creditor.

Ordinarily a landlord has a kind of security, in that he may terminate the lease for non-payment of rent; this right is not destroyed by an assignment.

After assignment by his tenant, a landlord is entitled to insist upon all his legal and equitable rights; the assignment does not deprive him of either.

Appellants, instead of prosecuting their claim against the assignee, saw fit to prove a claim against the estate for the

entire rent due and prospective; that is, seem to have elected to make claim as general creditors of the estate, instead of suing the assignee upon his liability. This claim against the estate has been allowed, and appellants are entitled to *pro rata* dividends.

There is no evidence that the court directed the assignee to retain or use these premises, or approved of his so doing; the court was, therefore, not bound to allow appellant's claim as a part of the expense of administration.

At the time of the assignment the total rent due, and to become due was $1,540. Appellants filed a claim for this sum and $100 attorney's fees; for this aggregate, $1,640, their claim has been allowed. It now appears that the assignee has for the time he occupied the premises paid them §317; deducting this from $1,640 leaves the sum of $1,323, to which sum appellant's claim as general creditors should be reduced, and upon this sum of $1,323 appellants are entitled to *pro rata* dividends, without a deduction of the §317 therefrom.

The judgment of the County Court is reversed, and the cause remanded, with directions to that court to enter orders in accordance with this opinion. Reversed and remanded, with directions.