# Rand, McNally & Company, a Corporation, etc., v. Joseph H. Francis, Assignee, etc.

1. VOLUNTARY ASSIGNMENTS—*Distribution of Assets—Powers of Court and Assignee.*—Neither the court nor the assignee can create charges against an insolvent estate, other than expenses; they can only allow such as already exist by virtue of past transactions.

**Voluntary Assignment.**—Claim for rent. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

RALPH RORER CROCKER, attorney for appellant.

EDWARD A. ROSENTHAL, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Appellant was the landlord, and the appellee is the assignee in insolvency, of one Leon Hornstein. After the assignment, the appellee continued to occupy the premises for nearly two months, and for the time of that occupation the rent has been paid.

Now the appellant claims that the whole rent which had accrued before the assignment, as well as all unpaid, which would accrue to the end of the term, should be allowed as a preferred debt against the assets of the insolvent.

The County Court allowed such rent, but only to be paid *pro rata* with other debts, and this appeal is from the refusal to give appellant priority.

The appellee seems to rely upon the effect of an order made by the County Court, September 27 or 28, 1895, that the appellant should release the levy of a distress warrant, and surrender the possession of the premises, as some sort of a bargain with the court, by which the estate of the insolvent became liable for the rent as an expense of administration.

Neither the court nor the assignee can create charges upon the assets—only allow such, other than expenses, as already exist by virtue of past transactions. Hanford Oil Co. v. First Nat. Bk., 126 Ill. 584.

When a lease to an insolvent is accepted by the assignee, whatever liabilities for subsequent rent are thereby incurred, except rent during occupation for winding up of the estate of the insolvent, are personal liabilities of his own. He can not contract for future liabilities of the estate. Johnson v. Lemon, 30 Ill. App. 370, 131 Ill. 609; Sperry v. Fanning, 80 Ill. 371; Chicago Fire Place Co. v. Tait, 58 Ill. App. 293.

With the propriety of the order of September, 1895, we have nothing to do.

If wrong, the other creditors are not to be prejudiced by it.

The County Court followed the decision of the Supreme Court in Smith v. Goodman, 149 Ill. 75, and the order ap pealed from is affirmed.