## American Trust and Savings Bank et al. v. John A. Dawson, Assignee.

1. FINDINGS BY THE COURT—*On Conflicting Evidence.*—The court concludes, after a careful consideration of the evidence, that as an Appellate Court it ought not to reverse the findings of the trial court on the questions of fact involved, as the evidence was conflicting, and as they were questions peculiarly proper to be passed upon by the trial court, who saw the witnesses.

2. VOLUNTARY ASSIGNMENTS—*Power of the County Court as to.*—In the administration of estates of insolvent debtors, the County Court is clothed with judicial discretion, and its determinations will not be disturbed unless such discretion is manifestly abused; and as in this case it is perfectly manifest that the principal thing sought, was to procure the removal of the assignee, when the court concluded to deny the application for removal, it could well postpone its action on the complete settlement of his account until some future time, as it did.

**Voluntary Assignments.**—Appeal from the County Court of Macon County; the Hon. WM. L. HAMMER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

I. A. BUCKINGHAM and OUTTEN & ROBY, attorneys for appellants.

MILLS BROTHERS, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

One Lewis B. Casner, engaged in a general banking busi-

ness, commonly known as "Farmers Bank," at Decatur, being in failing financial circumstances, on April 4, 1896, made an assignment to the appellee under the provisions of the act concerning "voluntary assignments for the benefit of creditors." The appellee accepted the position of assignee, and at once entered upon the discharge of his duties as such, promptly filing with the clerk of the County Court of Macon County an inventory and valuation of the real and personal estate of his insolvent, so far as the same was known to him.

Subsequently he gave notice to the creditors to file claims, and many such were filed. He seems to have conferred with numerous creditors of his insolvent debtor, and he and some of them seem to have formed and given out the impression that the estate would pay out in full.

Influenced, doubtless, by this impression, and being a son-in-law of the insolvent, the assignee (appellee here) made adjustments with some of the creditors of his insolvent, who were also, on some matters, his debtors before this assignment, in which adjustment he allowed them certain claims by way of set-offs, and gave them certain notes of his insolvent's estate, which were in his hands as assets, so that the effect was, such creditors were paid either in full, or partially so.

The real property of this estate consisted of farm lands in Macon county and city property in Decatur. The personal property was cash notes and accounts, such as bankers usually have, and some cattle and horses. The low price at which real estate was selling and the difficulty of making collections, made the conversion of the assets of this estate into money slow work. Some of the creditors of this insolvent estate were very anxious to realize upon their claims, and Messrs. Cabe & McKinnon of Chicago, were induced to purchase some of the claims of such creditors, getting them at a discount such as they could, and it seems that the assignee encouraged them in making such purchases to the extent of giving them much encouragement that the estate would pay out in full.

January 12, 1897, the assignee made his report to the County Court as follows :

" Report of J. A. Dawson, assignee of the Farmers Bank. January 8, 1897.

### ASSETS.

| | | |
|---|---:|---:|
| Real estate | $ 68,302 | 00 |
| Notes due bank | 70,026 | 00 |
| Note of John Casner | 7,500 | 00 |
| Note of James Wikoff | 7,500 | 00 |
| Overdrafts | 8,109 | 45 |
| Chattels | 2,998 | 00 |
| Prospective asset from Bear judgment, Eichinger farm | 4,000 | 00 |
| Cash on hand at assignment | 2,150 | 00 |

| | | | |
|---|---|---:|---:|
| Total assets | | $170,585 | 45 |
| Total claims filed | $150,625 42 | | |
| Less conditional claims | 22,917 00 | $127,708 | 42 |
| Assets in excess of liabilities | | $ 42,877 | 03 |
| Collected from notes, overdrafts, rents, etc | | 5,893 | 77 |
| Proceeds of cattle sale | | 2,189 | 00 |
| Cash in hand at date of assignment | | 2,150 | 00 |
| Total cash and collections | | $ 10,232 | 77 |
| Less expenses, interest, taxes, clerk hire, etc | | 1,288 | 97 |
| Cash on hand January 8, 1897 | | $ 8,943 | 80 |
| Notes hypothecated as collateral prior to assignment | | $51,085 | 18 |
| Reported paid on same | | $24,320 | 95 |
| Notes and accounts on which suit has been brought | | $13,714 | 42 |
| Notes probated | | $600 | 00 |
| Notes and accounts regarded worthless | | $4,200 | 00 |
| Notes and accounts regarded doubtful | | $2,200 | 00 |

J. A. DAWSON, Assignee.

Subscribed and sworn to before me this 12th day of January, 1897.

J. M. DODD, County Clerk."

American Trust & Savings Bank v. Dawson.

On January 12, 1897, exceptions were filed by American Trust and Savings Bank, and Cabe & McKinnon, both of Chicago, as creditors of the insolvent estate, to the report of the assignee, filed January 12, 1897, the principal complaint being that the report was vague, uncertain and indefinite, and praying it be set aside, and the assignee required to make a full, correct, and itemized report of all matters touching his conduct as such assignee, and to show the true status of the estate.

Nothing further was then done until March 24, 1897, when the assignee petitioned the County Court for an order directing him to pay six per cent on the claims allowed against the estate, which the court allowed the same day, and the assignee at once commenced paying out the dividend.

On April 8, 1897, the American Trust and Savings Bank, Cabe & McKinnon, and some other creditors of the insolvent estate, filed, in the County Court, their petition for the removal of John A. Dawson as such assignee, claiming his relationship to the insolvent and some of the creditors was such that he was not a proper person to be such assignee, and also charging that he was wasting and misapplying the trust estate.

The assignee answered the petition for his removal, in which he admitted he was a son-in-law of the insolvent and denied the charges of waste and misapplication of the trust estate.

On April 17, 1897, said petitioners procured the County Court to issue a citation against the assignee and assignor, directing each of them to appear before the court, and that the assignee file in that court a full, complete, itemized and correct report of the condition of the insolvent estate, and to bring with him all books and papers belonging to the insolvent estate, and to answer all matters and things upon which he might be examined concerning the trust estate, and that the assignor answer under oath, such matters as may be required of him as to the amount and situation of his estate and the names of his creditors, and both

to further do and perform what the court should then require and adjudge.

On May 5, 1897, the assignee filed in the County Court his answer to the citation, in which he submits a report, as he says, of all his acts and doings in relation to said estate, since his appointment, which is very explicit, full and minute; he also gives a minute description of all the personal and real estate that he claims has come into his hands since his appointment, which report is sworn to by him.

Then by agreement of the petitioners the insolvent and the assignee, a hearing was had of the petition to remove the assignee, the citations against the assignee and assignor, and the exceptions to the account of the assignee, all together. At this hearing, the assignor and the assignee are both examined as witnesses. Numerous other witnesses and documentary evidence are also introduced.

After this evidence was all heard, the petitioners filed what they call " a motion for findings by the County Court," which are numbered from one to fifty-nine.

The County Court then made the following order:

" And now, on this 1st day of June, A. D. 1897, said cause and each and every of the same having been heard together, by agreement, upon the petitions of the creditors above named for a citation for the said Lewis B. Casner and for a citation for the said John A. Dawson, and upon the exceptions to the report of the said John A. Dawson, and upon the petition for the removal of the said John A. Dawson, as assignee, and upon the answer and report of the said John A. Dawson, assignee, and upon the various petitions, pleadings and motions on file and of record in the above entitled causes, and the court having examined witnesses in open court and having examined the documentary evidence produced before the court, and being fully conversant with the facts and fully advised as to the premises, doth order, adjudge and decree that the rule heretofore entered on the said Lewis B. Casner and the said John A. Dawson to submit themselves for examination, be discharged, the same having been fully complied with.

And the court doth further order that the said Lewis B. Casner pay over to the said John A. Dawson, as assignee of the said insolvent estate, the sum of $1,069.60 by him wrongfully withheld from the said assignee at the time of the assignment.

And the court further finds that the rule on the said John A. Dawson, assignee, to render a full report of his acts and doings as such assignee to this court has been complied with and the rule is accordingly discharged. And it is further ordered, adjudged and decreed by the court that the petition for the removal of the said John A. Dawson, assignee, be dismissed, and that the said John A. Dawson be continued in his office of assignee, and the court having considered the motions made by the petitioners on file herein, doth refuse each and every of the motions at the present time, and doth hold that any sums with which the assignee may be chargeable can and should be adjusted and discharged at the time of the final settlement of the said estate and not at the present time."

From this order the appellants come to this court by appeal, and ask us to reverse the same because they claim the County Court erred in not removing the assignee, in approving the account and report of the assignee, and in not charging the assignee with each item mentioned in the motion for the fifty-nine findings.

The questions, then, before the County Court to be by it determined, were, had the assignee and assignor made a full and complete disclosure of the amount and condition of the estate of the insolvent as far as was known to them? Had the assignee made a full and complete report of the assets and all that he had done in and about the execution of his trust as assignee of the estate of his insolvent? Had the assignee, since his appointment, so handled the property of the estate of his insolvent that the same had been wasted or misapplied, to the detriment of the creditors of the estate, so that it was the duty of the court to remove him for that reason?

From an examination of the order made by the County

Court, it will be seen that it found for the appellee on all these questions.

The appellants sought to have the County Court go further and to rule the assignee to charge himself with numerous items as assets of the insolvent estate, and to disallow numerous items of expenditures reported, and applications made of certain assets of the estate as shown by the assignee's report.

On this branch of the case the County Court by its order refused to pass at the time, and held that the same can and should be adjusted at the time of the final settlement of the estate, and not at the present time. Under the contentions of the appellants in this court, we will first consider if it was error for the County Court to refuse to remove the assignee.

We have carefully considered all the voluminous evidence in this record, and feel constrained to hold that as an Appellate Court we ought not to reverse the findings of the County Court on this question, since there was conflicting evidence on everything tending to show waste or misapplication of the assets of the estate. These were questions of fact peculiarly proper to be passed upon by the trial court, who saw the witnesses.

As to the contention that it was error for the County Court to approve the account and report of the assignee, we will say, that upon examination of the order of the County Court appealed from, we do not think that the County Court did approve the account and report of the assignee; all that was done by the order was to find that the assignee had, in compliance with the citation issued against him, rendered a full report of the assets of the estate and all his acts and doings as such assignee, and then the court expressly refused, at that time, to pass upon the debits and credits of the assignee, but postponed that to a future time, as it had a right to do, as we think; especially so, since from an examination of the record in this case, it is perfectly manifest that the principal thing sought in the court below by the appellants was to procure the removal of the

assignee; and as a necessary part of such removal would have been to have him render, and the court adjudge, his account as assignee while he was in office, that was pressed for that purpose, and when the court concluded to deny the application for removal, it could well postpone its action on the complete settlement of his account until some future time, as it did. We do not feel as though we ought to reverse because the County Court so held, since in the administration of the estates of insolvent debtors, that court is clothed with a judicial discretion in such matters, and its determination therein will not be disturbed unless such discretion is manifestly abused. Baker v. Singer, Assignee, 35 Ill. App. 271.

What we have said in disposing of this contention makes it unnecessary to say anything as to the other contentions of the appellants.

Finding no reversible error in this record, we affirm the order of the County Court. Order affirmed.